HARE & CHASE, INC., Respondent, v. MAX VOLANSKY, Appellant.

Supreme Court, Appellate Term, First Department, April 12, 1926.

Sales — conditional sale — defendant purchased automobile under conditional sales agreement — seller assigned agreement to plaintiff — exclusion of evidence showing abrogation of sales agreement reversible error in absence of evidence that defendant had knowledge of assignment.

In an action upon a conditional sales agreement for the purchase by defendant from plaintiff's assignor of an automobile in which there was no evidence that defendant had notice or knowledge of the assignment, it was reversible error to exclude evidence by which the defendant sought to show that subsequent to the agreement between himself and plaintiff's assignor, the said agreement was abrogated in favor of the purchase of another automobile on different terms, since plaintiff took the assignment subject to all of defendant's equities.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Third District, in favor of plaintiff.

*Morris Grossman* [*Samuel E. Chasin* of counsel], for the appellant.

*John P. Booth*, for the respondent.

PER CURIAM.    Meyers Motor Car Company, Inc., on November 11, 1924, sold a car to defendant under a conditional sales agreement, in conformity with which defendant made ten promissory notes of thirty-five dollars and sixty-four cents each.    On the same day the Meyers Company assigned the agreement, and presumably indorsed the notes to plaintiff.

Defendant undertook to prove that subsequently the agreement between the Meyers Company and himself had been abrogated in favor of the purchase of a different car on different terms, but all such evidence was excluded on the ground that it took place after the assignment of the first contract and notes of plaintiff. As there was no evidence whatsoever that defendant had been notified or had become aware of the assignment, the judgment was erroneous since this action was brought upon the agreement, and plaintiff took the assignment subject to all of defendant's equities thereunder.

Judgment reversed and new trial granted, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, LYDON and LEVY, JJ.